IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER LYNN LUEKEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:21-cv-759-DWD |
| JAMES EGNER, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Plaintiff Jennifer Lynn Lueken filed this lawsuit against Dr. James Egner on June 30, 2021. (Doc. 1) On the same day, Lueken filed a motion for leave to proceed *in forma pauperis*. (Doc. 2) Two matters must be resolved before *in forma pauperis* status can be granted: the plaintiff must show that she is indigent by submitting an affidavit "that includes a statement of all assets [she] possesses [showing] that [she] is unable to pay such fees or give security therefor," and the plaintiff's complaint must state a claim upon which relief may be granted. 28 U.S.C. § 1915(a)(1), (e)(2).

Lueken claims that her husband, Richard Lueken, was under the care of Dr. Egner. (Doc. 1 at 5) She claims that Dr. Egner negligently gave her husband "too much immunotherapy (Opdivo) for his body weight" which caused her husband to go into anaphylactic shock. (Doc. 1 at 5) Lueken also claims that Dr. Egner failed to properly treat her husband's anaphylactic shock. (Doc. 1 at 7) Finally, Lueken claims that Dr. Egner

negligently prescribed Procrit which caused her husband to develop a blood clot. (Doc. 1 at 7) Lueken has alleged enough facts to establish the elements of a negligence claim.

However, another requirement of every claim brought in federal court is subject matter jurisdiction. "It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case." *Foster v. Hill*, 497 F.3d 695, 696–97 (7th Cir. 2007). One common basis for federal subject matter jurisdiction is diversity jurisdiction. To establish diversity jurisdiction, a plaintiff must show that the plaintiff and defendant are citizens of different states and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Lueken alleges that she is a citizen of Illinois and that Dr. Egner works in Illinois but has not alleged that Dr. Egner is a citizen of a state other than Illinois. (Doc. 1 at 1–2) Lueken seeks compensatory damages of $3 million and punitive damages of $3 million (Doc. 1 at 8), so she has sufficiently alleged enough facts to meet the amount-in-controversy requirement at this stage. However, without facts showing that Dr. Egner is a citizen of a state other than Illinois, she cannot establish diversity jurisdiction. Lueken has also failed to allege facts establishing any other basis for federal subject matter jurisdiction.

Because Lueken has failed to plead facts showing that this court has subject matter jurisdiction, she is hereby directed to file on or before August 19, 2021 a supplemental jurisdiction statement containing additional facts showing this Court's subject matter jurisdiction over the claims. Failure to do so may result in dismissal of this action for failure to abide by a court order pursuant to Federal Rule of Civil Procedure 41(b). The Court will then consider her motion for leave to proceed *in forma pauperis*.

**SO ORDERED.**

Dated: July 22, 2021

_____
DAVID W. DUGAN
United States District Judge