# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JENNIFER LYNN LUEKEN,      )
                                   )
          Plaintiff,           )
                                   )
vs.                           )      **Case No. 3:21-cv-759-DWD**
                                   )
JAMES EGNER,             )
                                   )
          Defendant.      )

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

On June 30, 2021, Plaintiff Jennifer Lynn Lueken filed a *pro se* complaint against Defendant James Egner, alleging that Egner, a physician, negligently treated her husband. (Doc. 1) On July 22, 2021, the Court ordered Lueken to file a jurisdictional supplement with additional facts showing this Court's subject matter jurisdiction over her claims. (Doc. 8) On July 30, 2021, Lueken filed a jurisdictional supplement, in which she indicated that her claims of negligence and malpractice were the basis for jurisdiction. (Doc. 10 at 1–2)

Federal courts only have jurisdiction to decide certain types of cases. For instance, federal courts have jurisdiction over "federal question" cases. *See* 28 U.S.C. § 1331. These are cases that bring claims based on federal laws. But Lueken has not pointed to any federal laws as the basis for her lawsuit. Instead, it is clear that her claims of negligence and malpractice are based on state law, not federal law. Therefore, this Court does not have federal question jurisdiction over her case.

Another common source of federal jurisdiction is called "diversity jurisdiction." To establish diversity jurisdiction, a plaintiff must show that the plaintiff and defendant are citizens of different states and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Lueken alleges that she is a citizen of Illinois and that Egner works in Illinois but has not alleged that Egner is a citizen of a state other than Illinois. (Doc. 1 at 1–2) Lueken seeks compensatory damages of $3 million and punitive damages of $3 million (Doc. 1 at 8), so she has sufficiently alleged enough facts to meet the amount-in-controversy requirement at this stage. However, without facts showing that Egner is a citizen of a state other than Illinois, she cannot establish diversity jurisdiction.

For these reasons, it is ORDERED that Plaintiff's motions for leave to proceed *in forma pauperis* (Docs. 2 & 9) are DENIED and her claims against Defendant are DISMISSED without prejudice for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B); *Foster v. Hill*, 497 F.3d 695, 696–97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."). The Clerk of Court is DIRECTED to enter judgment in favor of Defendant.

**SO ORDERED.**

Dated: August 3, 2021

_____
DAVID W. DUGAN
United States District Judge